UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GOOD SPORTS DAYTONA, INC., a Florida corporation, GOOD SPORTS, INC., a Connecticut corporation, and DAYTONA REGIONAL CHAMBER OF COMMERCE, INC., a Florida non-profit corporation,

    Plaintiffs,

v.

CONSOLIDATED DISTRIBUTORS, INC. a/k/a JOE COOL, INC., a New York corporation, JOE COOL, INC., a Florida corporation, and METTEMP, INC., a New York corporation,

    Defendants.

CASE NO. 6:11-CV-00233-MSS-DAB

## PLAINTIFFS' MOTION AND INCORPORATED MEMORANDUM OF LAW FOR AN EXTENSION OF TIME TO COMPLY WITH SECTION 48.161, FLORIDA STATUTES

Pursuant to Fed. R. Civ. P. 6(b)(1)(A), plaintiffs, GOOD SPORTS DAYTONA, INC., GOOD SPORTS, INC., and DAYTONA REGIONAL CHAMBER OF COMMERCE, INC. (collectively, the "Plaintiffs"), move this Court for an extension of time to comply with section 48.161, Florida Statutes. As grounds to support this Motion, Plaintiffs state:

1. On February 11, 2011, the Plaintiffs filed a complaint against the defendants, CONSOLIDATED DISTRIBUTORS, INC. a/k/a JOE COOL, INC. ("CONSOLIDATED"), JOE COOL, INC. ("JOE COOL"), and METTEMP, INC. ("METTEMP"). [Doc. 1].

2. Service of process was effectuated via process server on JOE COOL on February 18, 2011. The Return of Service was filed on February 28, 2011. [Doc. 9]. JOE COOL filed an Answer and Affirmative Defenses to the Complaint and a Counterclaim on March 10, 2011. [Doc. 12]. As

such, this motion and memorandum of law are only related to the defendants CONSOLIDATED and METTEMP, which have not entered an appearance in this case.

3. The Plaintiffs attempted service of process via process server on CONSOLIDATED and METTEMP at their respective principal place of business in New York at the addresses listed for the defendants on the New York Division of Corporations' website. The process server was unable to effectuate service as CONSOLIDATED and METTEMP could not be located at the addresses listed on the New York Division of Corporations' website.

4. Affidavits of non-service were filed with this Court on March 10, 2011. [Docs. 10, 11].

5. CONSOLIDATED and METTEMP operate, conduct, and engage in, or carry on business or a business venture in the State of Florida. However, neither CONSOLIDATED or METTEMP are registered as foreign corporations with the Florida Division of Corporations, nor do they have registered agents in the State of Florida.

6. As such, the Plaintiffs are currently attempting to effectuate substitute service on CONSOLIDATED and METTEMP pursuant to sections 48.161 and 48.181, Florida Statutes, by serving the Florida Secretary of State and providing notice to the defendants.

7. In preparation for serving the Secretary of State, the Clerk of the Court for the Middle District issued alias summonses for CONSOLIDATED and METTEMP at the request of the Plaintiffs on March 14, 2011. [Doc. 13].

8. The alias summonses and copies of the complaint were served on the Florida Secretary of State by certified mail on March 21, 2011.

9. On March 28, 2011, counsel for the Plaintiffs received the Secretary of State's Acceptance of Service on behalf of METTEMP and CONSOLIDATED.

10. On the same day, March 28, 2011, counsel for the Plaintiffs, pursuant to section 48.161, Florida Statutes, sent CONSOLIDATED and METTEMP copies of the Acceptance of Service and copies of the process, including copies of the complaint, via Certified Mail to the addresses listed for the defendants on the New York Division of Corporations' website and to additional addresses where the Plaintiffs believe the defendants might conduct business in New York.

11. As today is the return day for the process, twenty-one (21) days since the Secretary of State accepted service on behalf of METTEMP and CONSOLIDATED, section 48.161, Florida Statutes, requires the Plaintiffs' attorneys to file an Affidavit of Compliance with section 48.161, Florida Statutes, and the Return Receipts from the certified mail sent to the defendants with this Court, or request that the Court extend the time in which to file the Affidavit of Compliance and Return Receipts.

12. As of today, the Plaintiffs' attorneys have not received the Return Receipts. As such, pursuant to Fed. R. Civ. P. 6(b)(1) and section 48.161, Florida Statutes, the Plaintiffs request that this Court extend the time for thirty (30) days from today for the Plaintiffs' attorneys to file an Affidavit of Compliance and the Return Receipts with this Court.

WHEREFORE, the Plaintiffs respectfully request that this Court extend the time for thirty (30) days from the filing of this Motion for the Plaintiffs' attorneys to file an Affidavit of Compliance with section 48.161, Florida Statutes and file the Return Receipts with this Court, and grant any such further relief as this Court deems just and proper.

## **LOCAL RULE 3.01(g) CERTIFICATE**

Counsel for the Plaintiffs is unable to confer with counsel for CONSOLIDATED and METTEMP as both defendants have not entered an appearance in this case, and counsel does not know where CONSOLIDATED and METTEMP are located.

## **MEMORANDUM OF LAW IN SUPPORT OF MOTION**

Pursuant to Fed. R. Civ. P. 6(b)(1)(A), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; . . ." Where service of process is effectuated by substitute service on a nonresident corporation, the plaintiffs' attorney must file an Affidavit of Compliance and the Return Receipts from the certified mail "on or before the return day of the process or within such time as the court allows . . . ."

Despite the Plaintiffs efforts to personally serve CONSOLIDATED and METTEMP, the process server was unable to effectuate service. As such, the only other method of service at the disposal of the Plaintiffs was substitute service on a nonresident corporation engaging in business in the State of Florida pursuant to sections 48.161 and 48.181, Florida Statutes. The Plaintiffs have strictly complied with section 48.161 by (1) having alias summonses issued for CONSOLIDATED and METTEMP, (2) effectuating service on the Florida Secretary of State by certified mail, (3) receiving the Secretary of State's Acceptance of Service for METTEMP and CONSOLIDATED, and (4) sending the Acceptance of Service, a copy of the process, including the complaint, by certified mail to CONSOLIDATED and METTEMP on the same day that counsel for the Plaintiffs received the Acceptance of Service.

However, the Plaintiffs' attorneys cannot complete the substitute service process by filing an Affidavit of Compliance and enclosing the Return Receipts with this Court by the return day, April

11, 2011, as the Plaintiffs' attorneys have not yet received the Return Receipts. Therefore, the Plaintiffs respectfully request that this Court extend the deadline for filing the Affidavit of Compliance and the Return Receipts for thirty (30) days from the filing of this Motion.



By: /s/ Kelly Parsons Kwiatek
HEATHER BOND VARGAS
FLA. BAR NO. 230900
KELLY PARSONS KWIATEK
FLA. BAR NO. 0860611
150 Magnolia Avenue
Post Office Box 2491
Daytona Beach, FL 32115-2491
Telephone: (386) 323-9220
Facsimile: (386) 944-7964
Heather.Vargas@CobbCole.com
Kelly.Kwiatek@CobbCole.com
ATTORNEYS FOR THE PLAINTIFFS

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing has been filed this 11th day of April, 2011, with the CM/ECF system, which will send an automatic notification and copy to the following:

Mario G. Ceste
Law Office of Mario G. Ceste
PO Box 82
Wallingford, CT 06492
203/678-6418
Fax: 801/761-3314
Email: mgcpls@usa.net

Louis R. Gigliotti, Esq.
Alcoba & Associates, P.A.
3399 NW 72nd Avenue, Suite 211
Miami, FL 33122
Email: lgigliotti@bellsouth.net

/s/ Kelly Parsons Kwiatek
Attorney