UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GOOD SPORTS DAYTONA, INC., a Florida corporation, GOOD SPORTS, INC., a Connecticut corporation, and DAYTONA REGIONAL CHAMBER OF COMMERCE, INC., a Florida non-profit corporation,

       Plaintiffs,

v.

CONSOLIDATED DISTRIBUTORS, INC. a/k/a JOE COOL, INC., a New York corporation, JOE COOL, INC., a Florida corporation, and METTEMP, INC., a New York corporation,

       Defendants.

CASE NO. 6:11-CV-00233-MSS-DAB

## PLAINTIFFS' MOTION ENTRY OF CLERK'S DEFAULT AND MEMORANDUM OF LAW IN SUPPORT

Pursuant to Fed. R. Civ. P. 55(a) and Local Rule 1.07(b) of the United States District Court for the Middle District of Florida, plaintiffs, GOOD SPORTS DAYTONA, INC., GOOD SPORTS, INC., and DAYTONA REGIONAL CHAMBER OF COMMERCE (collectively, the "Plaintiffs"), move for the entry of a default by the Clerk of the Court against defendants, CONSOLIDATED DISTRIBUTORS INC. ("Consolidated") and METTEMP, INC. ("Mettemp") (collectively, the "Defendants"), for the failure to serve any paper on the undersigned or file any paper required by law, and in support thereof, states as follows:

      1.      On February 1, 2011, the Plaintiffs filed a complaint against the defendants, CONSOLIDATED DISTRIBUTOR, INC. a/k/a JOE COOL, INC., JOE COOL, INC., and METTEMP, INC. [Doc. 1].

2. Service of process was effectuated via process server on JOE COOL on February 18, 2011. The Return of Service was filed on February 28, 2011. [Doc. 9]. JOE COOL filed an Answer and Affirmative Defenses to the Complaint and a Counterclaim on March 10, 2011. [Doc. 12].

3. Personal service was attempted on Consolidated and Mettemp at the addresses listed on the State of New York's Division of Corporations website for the Defendants. [Doc. 28, Ex. 1 at ¶ 5].

4. The process server was unable to locate Consolidated or Mettemp at the addresses provided by the Defendants to the New York Division of Corporations. The Returns of Non-Service were filed with this Court on March 10, 2011, as to Consolidated and Mettemp. [Docs. 10, 11].

5. As Consolidated and Mettemp could not be located in the states of Florida or New York, and because both Consolidated and Mettemp operate, conduct, and engage in business in the State of Florida without having registered with the State of Florida Division of Corporations, pursuant to sections 48.161 and 48.181, Florida Statutes, the Secretary of State is thereby appointed by the Defendants to act as its agent on whom all process in any action arising out of any transaction or operation connected with or incidental to the business or business venture in Florida.

6. On March 21, 2011, the Secretary of State for the State of Florida accepted service on behalf of Consolidated and Mettemp, after being served by certified mail with an alias summons and a copy of the Complaint for both Consolidated and Mettemp. [Doc. 28, Ex. 1 at ¶ 10].

7. Copies of the acceptance of service and process, including the Complaint, were sent by certified mail on March 28, 2011, the day that the acceptance of service was received by the Plaintiffs' attorneys, to Consolidated and Mettemp. [Doc. 28, Ex. 1 at ¶ 11-16].

8. Pursuant to Fed. R. Civ. P. 12(a)(1)(A), as the Secretary of State accepted service on behalf of Consolidated and Mettemp on March 21, 2011, a response to the Complaint was due on April 11, 2011.

9. On April 9, 2011, the U.S. Postal Service returned to the Plaintiffs' attorneys the entire package sent by certified mail to Consolidated at 483 Kingston Avenue, Brooklyn, New York, returned as "not deliverable." [Doc. 29, Ex. 1 at ¶ 4].

10. On April 11, 2011, Plaintiffs' attorneys filed a motion for an extension of time to file an affidavit of compliance with section 48.161, Florida Statutes, as Plaintiffs' attorneys had not received the return receipts from the certified mail sent to the Defendants. [Doc. 17].

11. The Court granted this Motion and extended the time to file the affidavit until May 12, 2011, and thus, the Defendants had until May 12, 2011, to respond to the Complaint. [Doc. 18].

12. On May 12, 2011, the Plaintiffs' attorneys filed the Affidavit of Compliance Pursuant to Section 48.161, Florida Statutes. [Doc. 28].

13. As of May 12, 2011, Plaintiffs' attorneys had not received the return receipts from the certified mail sent to Consolidated or Mettemp. [Doc. 28, Ex. 1 at ¶ 20].

14. On May 16, 2011, the U.S. Postal Service returned to the Plaintiffs' attorneys the remaining packages sent by certified mail to Consolidated and Mettemp. They were returned to the Plaintiffs' attorneys as "not deliverable." [Doc. 29, Ex. 1 at ¶ 3].

15. Plaintiffs' attorneys have tried every means to locate additional addresses for Consolidated and Mettemp by doing the following:

    (a) Performing internet searches for additional addresses of Consolidated and Mettemp. [Doc. 28, Ex. 1 at ¶ 21]. No additional addresses were located.

 (b) Emailing an individual, David Lipsker, who held himself out as the attorney representing Consolidated in the opposition proceedings in the Trademark Trial and Appeal Board ("TTAB"), Opposition Number 91193908, to inquire about additional addresses for the Defendants. No response to this email was received. [Doc. 28, Ex. 1 at ¶ 7].

 (c) Plaintiffs' attorneys also sent copies of the acceptance of service and copies of the process, including the Complaint, to Mr. Lipsker at davidlipsker@gmail.com. No response to this email was received. [Doc. 28, Ex. 1 at ¶ 17].

 (d) Plaintiffs' attorneys sent an email enclosing the acceptance of service and copies of the process, including the Complaint, for Mettemp and Consolidated to the email address, overs2009@gmail.com, which is the email address that Consolidated provided to the TTAB in Opposition Number 91193908. No response to this email was received. [Doc. 28, Ex. 1 at ¶ 18].

 (e) Finally, Plaintiffs' attorneys telephoned Consolidated on March 29, 2011, at the telephone number provided by Consolidated in the TTAB action to inform Consolidate of the lawsuit and the acceptance of service by the Secretary of State. No response to this telephone message was received. [Doc. 28, Ex. 1 at ¶ 19].

16. The deadline for the Defendants to serve a responsive pleading was April 11, 2011, and then extended to May 12, 2011, by the Court. Neither Consolidated nor Mettemp have served any responsive pleading, asked for an extension of time to respond, or even attempted to contact counsel for the Plaintiffs.

17. Plaintiffs have complied section 48.161, Florida Statutes, and diligently searched for the Defendants.


18.     Accordingly, the Plaintiffs are entitled to an entry of default against Consolidated and Mettemp. *See* Fed. R. Civ. P. 55(a).

WHEREFORE, the Plaintiffs request the entry of a Clerk's Default against Consolidated Distributors, Inc. and Mettemp, Inc., by the Clerk of this Court.

### **LOCAL RULE 3.01(g) CERTIFICATE**

Counsel for the Plaintiffs is unable to confer with counsel for Consolidated or Mettemp as both defendants have not entered an appearance in this case, and counsel does not know where Consolidated and/or Mettemp are located.

### **MEMORANDUM OF LAW**

Federal Rule of Civil Procedure 55 provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter a party's default." In this instance, the Plaintiffs attempted personal service on Consolidated and Mettemp, but were unsuccessful. Since both Consolidated and Mettemp operate, conduct, engage in and carry on a business venture in this state; engage in solicitation and service activities within this state; and their products have been purchased, delivered, and used in this state in the ordinary course of commerce, but neither Consolidated nor Mettemp have registered to do business in the State of Florida, the Plaintiffs proceeded under Florida's substitute service statutes. §§ 48.161, 48.181, Fla. Stat.

Section 48.161, Florida Statutes, requires that the Plaintiff serve the Secretary of State with a summons and a copy of the complaint, send a copy of the process to the defendants by certified mail, and file, with the court, an affidavit of compliance and the return receipts before the return day, or within such time as the court orders.

A Clerk's Default should be entered in this case as Plaintiffs have complied with the substitute service statute by: (1) having the Secretary of State accept service on behalf of Consolidated and Mettemp; (2) immediately sending copies of the acceptance and copies of the process, including the Complaint, to every known address for the Defendants, including the addresses listed on the New York Division of Corporation's website; and (3) by filing an affidavit of compliance on May 12, 2011 and May 20, 2011, attaching the certified mail envelopes showing that the certified mail was undeliverable. Though the return receipts were not filed, as the certified mail could not be delivered, "where the nonresident defendant doing business in the state fails to file a correct address for the purposes of substituted service, plaintiff's attempt to effect service at the address furnished by the defendant is valid." *Major Appliances, Inc. v. Mount Vernon Fire Ins. Co.*, 462 So. 2d 561, 564 (Fla. 3d DCA 1985).

Finally, Plaintiffs' attorneys attempted to locate additional addresses for the Defendants by conducting internet searches, and attempted to contact David Lipsker, the individual who represented to the Plaintiffs that he was the attorney for Consolidated in the TTAB action. Plaintiffs have exhausted every avenue in attempting to locate the Defendants. Had Consolidated and Mettemp registered with the State of Florida, or updated their addresses with the New York Division of Corporations, as they are required to do, Plaintiffs would have been able to locate the Defendants.

## Conclusion

As the Plaintiffs have complied with section 48.161, Florida Statutes, the Clerk of this Court should enter a default against Consolidated Distributors, Inc. and Mettemp, Inc.

Case 6:11-cv-00233-MSS-DAB   Document 30   Filed 05/20/11   Page 7 of 7 PageID 200



By:   /s/ Kelly Parsons Kwiatek
      HEATHER BOND VARGAS
      FLA. BAR NO. 230900
      KELLY PARSONS KWIATEK
      FLA. BAR NO. 0860611
      150 Magnolia Avenue
      Post Office Box 2491
      Daytona Beach, FL 32115-2491
      Telephone: (386) 323-9220
      Facsimile:  (386) 944-7964
      Heather.Vargas@CobbCole.com
      Kelly.Kwiatek@CobbCole.com
      ATTORNEYS FOR THE PLAINTIFFS

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing has been filed this 20th day of May, 2011, with the CM/ECF system, which will send an automatic notification and copy to the following:

Mario G. Ceste
Law Office of Mario G. Ceste
PO Box 82
Wallingford, CT 06492
203/678-6418
Fax: 801/761-3314
Email: mgcpls@usa.net

Louis R. Gigliotti, Esq.
Alcoba & Associates, P.A.
3399 NW 72nd Avenue, Suite 211
Miami, FL 33122
Email: lgigliotti@bellsouth.net

                                            /s/ Kelly P. Kwiatek
                                                Attorney

{026201-003 : MMURP/DRFTMSC : 01219183.DOC; 1}    - 7 -