**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**GOOD SPORTS DAYTONA, INC., GOOD SPORTS, INC., and DAYTONA REGIONAL CHAMBERS OF COMMERCE, INC.,**

      **Plaintiffs,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:11-cv-233-Orl-35DAB**

**CONSOLIDATED DISTRIBUTORS, INC., a/k/a Joe Cool, Inc., JOE COOL, INC., and METTEMP, INC.,**

      **Defendants.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFFS' MOTION FOR ENTRY OF CLERK'S DEFAULT [AGAINST CONSOLIDATED DISTRIBUTOR, INC. A/K/A JOE COOL, INC. AND METTEMP, INC.] (Doc. No. 30)**
>
> **FILED:** May 20, 2011
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

Plaintiffs are suing Defendants to invalidate their putative trademarking and enforcement of the phrase "Daytona Beach Bike Week," which Plaintiffs contend is generic and has been in use for the last 70 years. Doc. 1. Plaintiffs attempted to serve Consolidated and Mettemp at the addresses listed on the State of New York's Division of Corporations website for the Defendants. Doc. 28-1 at 5. However, the process server was unable to locate Consolidated or Mettemp at the addresses

provided by the Defendants to the New York Division of Corporations. The Returns of Non-Service were filed with this Court on March 10, 2011, as to Consolidated and Mettemp. Docs. 10, 11. As Consolidated and Mettemp could not be located in the states of Florida or New York, and because Consolidated Distributors (a/k/a Joe Cool, Inc.[1]) and Mettemp operate, conduct, and engage in business in the State of Florida without having registered with the State of Florida Division of Corporations, Plaintiffs contend that they may serve these Defendants via substituted service on the Florida Secretary of State, who is appointed by statute to act as the agent for non-residents on whom all process may be served for any action or proceeding against it arising out of any transaction or operation connected with business in the state of Florida. Fla. Stat. §§ 48.161, 48.181.

On March 21, 2011, the Secretary of State for the State of Florida accepted service on behalf of Consolidated Distributors and Mettemp after being served by certified mail with an alias summons and a copy of complaint for both Consolidated Distributors and Mettemp. Doc. 28-1. Copies of the acceptance of service for Consolidated Distributors and Mettemp are attached to the Affidavit of Melissa Murphy[2], who received the acceptance of service from the Secretary of State on March 28, 2011. Doc. 28-1. On March 28, 2011, copies of the acceptance of service and process, including the Complaint, were sent by certified mail, the day that the acceptance of service was received by the Plaintiffs' attorneys, to Consolidated and Mettemp. Doc. 28-1. Pursuant to Fed. R. Civ. P. 12(a)(1)(A), as the Secretary of State accepted service on behalf of Consolidated and Mettemp on March 21, 2011, a response to the Complaint was due on April 11, 2011.

---

[1] The Motion states that Joe Cool, Inc., presumably Defendant Joe Cool, Inc. of Florida, has been served and filed an Answer to the Complaint. Doc. 12. Plaintiffs should be more precise in the future in discussing the two companies with identical names.

[2] Ms. Murchy also attempted to contact the attorney who had previously represented these Defendants before the Trademark Trial and Appeal Board action, however, he did not respond. Doc. 28-1 ¶ 17.

On April 9, 2011, the U.S. Postal Service returned to the Plaintiffs' attorneys the entire package sent by certified mail to Consolidated at 483 Kingston Avenue, Brooklyn, New York, returned as "not deliverable." Doc. 29-1. On April 11, 2011, Plaintiffs' attorneys filed a motion for an extension of time to file an affidavit of compliance with section 48.161, Florida Statutes, as Plaintiffs' attorneys had not received the return receipts from the certified mail sent to the Defendants. Doc. 17. The Court granted this Motion and extended the time to file the affidavit until May 12, 2011, and thus, the Defendants had until May 12, 2011, to respond to the Complaint. Doc. 18.

On May 12, 2011, the Plaintiffs' attorneys filed the Affidavit of Compliance pursuant to Florida Statute § 48.161. Doc. 28. As of May 12, 2011, Plaintiffs' attorneys had not received the return receipts from the certified mail sent to Consolidated or Mettemp , however, on May 16, 2011, the U.S. Postal Service returned to the Plaintiffs' attorneys the remaining packages sent by certified mail to Consolidated and Mettemp. They were also returned to the Plaintiffs' attorneys as "not deliverable." Doc. 29.

Plaintiffs' contend that their attorneys have tried every means to locate additional addresses for Consolidated and Mettemp by: (a) Performing internet searches for additional addresses of Consolidated and Mettemp, but no additional addresses were located; (b) Emailing an individual, David Lipsker, who held himself out as the attorney representing Consolidated in the opposition proceedings in the Trademark Trial and Appeal Board ("TTAB"), Opposition Number 91193908, to inquire about additional addresses for the Defendants, but no response was received; (c) Plaintiffs' attorneys also sent copies of the acceptance of service and copies of the process, including the Complaint, to Mr. Lipsker at davidlipsker@gmail.com, but no response was received; (d) Plaintiffs' attorneys sent an email enclosing the acceptance of service and copies of the process, including the Complaint, for Mettemp and Consolidated to the email address, overs2009@gmail.com, which is the

email address that Consolidated provided to the TTAB in Opposition Number 91193908, but no response was received; and (e) Plaintiffs' attorneys telephoned Consolidated on March 29,2011, at the telephone number provided by Consolidated in the TTAB action to inform Consolidate of the lawsuit and the acceptance of service by the Secretary of State, but no response to this telephone message was received.  *See* Doc. 28-1.

The deadline for the Defendants to serve a responsive pleading was April 11, 2011, subsequently extended to May 12, 2011. Neither Consolidated nor Mettemp have served any responsive pleading, asked for an extension of time to respond, or even attempted to contact counsel for the Plaintiffs.  Pursuant to Federal Rule of Civil Procedure 55, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter a party's default."  Fed. R. Civ. P 55(a).

> The pertinent portion of Florida Statute § 48.161 allows:
>
> When authorized by law, substituted service of process on a nonresident or a person who conceals his or her whereabouts by serving a public officer . . . by mailing the copies by certified mail to the public officer with the fee. . . . Notice of service and a copy of the process shall be sent forthwith by registered or certified mail by the plaintiff or his or her attorney to the defendant, and the defendant's return receipt and the affidavit of the plaintiff or his or her attorney of compliance shall be filed on or before the return day of the process or within such time as the court allows.

Fla. Stat. § 48.161(1).

As shown by the affidavits that Plaintiffs have submitted, Plaintiffs have diligently searched for the Defendants.  Plaintiffs have complied with § 48.161, the substitute service statute on non-residents, by having the Secretary of State accept service on behalf of Consolidated and Mettemp; sending copies of the acceptance and copies of the process, including the Complaint, to every known address for the Defendants, and by filing an affidavit of compliance, attaching the certified mail

envelopes showing that the certified mail was undeliverable. Though the return receipts were not filed, as the certified mail could not be delivered, "where the nonresident defendant doing business in the state fails to file a correct address for the purposes of substituted service, plaintiff s attempt to effect service at the address furnished by the defendant is valid." *Major Appliances, Inc. v. Mount Vernon Fire Ins. Co.*, 462 So. 2d 561, 564 (Fla. 3d DCA 1985) (plaintiff was excused from strict compliance with statutory requirements and service was valid where defendant, which was nonresident doing business in state, failed to file correct address for purpose of substituted service). Plaintiffs' attorneys in this case have taken the additional step of attempting to locate additional addresses for the Defendants by conducting internet searches, and attempting to contact David Lipsker, the attorney for Consolidated in the TTAB action. Accordingly, the Plaintiffs are entitled to an entry of default against Consolidated and Mettemp. See Fed. R. Civ. P. 55(a).

**DONE** and **ORDERED** in Orlando, Florida on July 1, 2011.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties